NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIE TAYLOR, PETITIONER, v. GUNNE & DI ALLESSIEN,
RESPONDENT.

A formal petition for compensation having been filed in this cause to which an answer was thereafter filed by the respondent, and the matter coming on in due course to be heard before this bureau at Elizabeth, and a basis of settlement having been arrived at between the parties and having been submitted to and approved by this bureau, it is on the stipulation of facts by and between the parties and on the testimony of the petitioner found and determined as follows:

That the petitioner was in the employ of the respondent on February 6th, 1928, at which time his weekly wages were $27. On said day, petitioner alleges that he met with an accident arising out of and in the course of his employment as follows: Petitioner was employed as a garbage collector and claims that on said day while throwing garbage from the street curb to the respondent's truck he handled some small cans containing liquid and that the liquid ran inside the gloves covering his hands, wetting the hands, which subsequently froze. Petitioner further alleges that as a result he sustained frozen fingers on both hands which necessitated the amputation of part of the first, second and third fingers of the right hand and which incapacitated him from all employment for a period of nineteen weeks.

Respondent denies all of the above allegations of the petitioner and says it had no knowledge of any accident to the petitioner arising out of and in the course of his employment

with respondent. Respondent further says that the allegations of the petitioner himself show that he did not sustain an accident arising out of and in the course of his employment. Respondent, however, taking all of the allegations of the petitioner into consideration and taking all of petitioner's injuries into consideration, which he says he sustained through his hands being frozen, &c., is willing to settle petitioner's claim by paying him ten weeks' temporary disability at $17 a week and for permanent disabiilty seventy per cent. of total permanent disability of the first finger of his right hand, amounting to twenty-four and one-half weeks; seventy-five per cent. of total permanent disability of the second finger of his right hand, amounting to twenty-two and one-half weeks, and seventy-five per cent. of total permanent disability of the third or ring finger of his right hand, amounting to fifteen weeks, making a total of sixty-two weeks for permanent disability at the rate of $17 per week. Respondent also agrees to pay the hospital bill of Alexian Brothers Hospital for treatment to the petitioner amounting to $139, and Dr. Mc-Callion's bill for treatment to the petitioner; amounting to $137. Respondent further agrees to pay petitioner's attorneys a counsel fee of $250 and one-half of the stenographic fees amounting to $10.

From the testimony and the stipulated facts the settlement is fair to both sides and is approved by this court under the distinct understanding of the petitioner, his attorneys, the respondent and its attorneys, that a fundamental element of the settlement is the fact that any future and further developments resulting in an increase of disability to the petitioner, even over and above his present claims, which are here compromised, are taken into consideration and are in a large measure the reason for the respondent's willingness to agree to this settlement.

\*  \*  \*  \*  \*  \*  \*

CHARLES E. CORBIN,
*Deputy Commissioner.*